UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KRISTINE  ZAFFUTO,

                                        Plaintiff,

                                                                        DECISION AND ORDER

                                                                        10-CV-6552L

                        v.

PEREGRINE HEALTH MANAGEMENT,


                                        Defendant.

_____


        Plaintiff Kristine Zaffuto ("Plaintiff") brings this action against Peregrine Health
Management ("Peregrine Health"), alleging job discrimination on account of her sex, and unlawful
retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and
the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq*.  Peregrine Health has moved
to dismiss the complaint pursuant to Rules 12(b)(1), (b)(2) and (b)(5) of the Federal Rules of Civil
Procedure.  Plaintiff has cross-moved for an order under Rule 4(m), granting her an extension of time
to effect service on defendant.


                                        **BACKGROUND**


        Plaintiff alleges that she was hired by Peregrine Health in March 2007, and that she was
employed at Crimson Ridge Meadows, an assisted-living facility owned by Peregrine Health in
Greece, New York.

Plaintiff alleges that during her employment at Peregrine Health, she was subjected to various forms of sex discrimination, as well as retaliation because of her complaints about that discrimination. The details of her allegations are not important for purposes of the present motions.

Peregrine contends that as of March 7, 2009, Peregrine Walton, LLC ("Peregrine Walton"), an affiliated, but wholly separate and distinct entity from Peregrine Health, took over the management operations of Crimson Ridge Meadows, and became plaintiff's employer. Plaintiff continued to work at Crimson Ridge Meadows until she left her employment in September 2009.[1]

On October 19, 2009, plaintiff filed a charge of discrimination against Peregrine Health with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right-to-sue letter on August 27, 2010.

Plaintiff commenced this action on September 27, 2010. On November 24, 2010, plaintiff filed a proof of service (Dkt. #2) indicating that, on November 23, 2010, a process server, Steve Collins, had served a copy of the summons on "Karen Fusilli - Executive Director," who was allegedly designated to accept service on behalf of Peregrine Health. The accompanying summons was addressed to Peregrine Health, at 3 Treeline Drive in Rochester.[2] *Id.*

Defendant contends that this service was ineffective, because Fusilli is not, and was not at the time of service, an officer or agent of Peregrine Health, and was not authorized to accept service on behalf of Peregrine Health. According to defendant, Fusilli was employed by Peregrine Walton, and was the administrator of Crimson Ridge Gardens, which was not the same facility as Crimson Ridge Meadows, where plaintiff worked. *See* Declaration of Stephen Bowman (Dkt. #5-3).

Based on these assertions, defendant contends that plaintiff has failed to effect service on Peregrine Health, and that the Court therefore lacks personal jurisdiction over Peregrine Health.

---

[1]Defendants contend that plaintiff resigned in September 2009. Dkt. #5-3 ¶ 11. Plaintiff alleges that she was terminated. Complaint ¶ 26. Whether plaintiff resigned or was terminated is not germane to the motions before the Court, however.

[2]Although Crimson Ridge Meadows is in Greece, New York, the mailing address is in Rochester.

Defendant also contends that the Court lacks subject matter jurisdiction over plaintiff's claims arising after March 6, 2009, since after that date, plaintiff was no longer employed by Peregrine Health, but by Peregrine Walton, which she has not sued.

## DISCUSSION

### I. Motions to Dismiss:  General Principles

Where a defendant moves for dismissal under Rules 12(b)(1) (lack of subject matter jurisdiction),12(b)(2) (lack of personal jurisdiction), or 12(b)(5) (insufficient service of process), the court may consider materials outside the pleadings in deciding the motion.  *See Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010); *Rosario v. Cirigliano*, No. 10 Civ. 6664, 2011 WL 4063257, at *2 (S.D.N.Y. Sept.12, 2011); *McCoy v. Goord*, 255 F.Supp.2d 233, 251 (S.D.N.Y. 2003).  In this case, both parties have submitted such materials.

On a motion to dismiss on any of these three grounds, the plaintiff bears the burden of showing that the court has jurisdiction over the subject matter and over the defendant.  *Aurecchione v. Schoolman Transp. System, Inc.*, 426 F.3d 635, 638 (2d Cir. 2005); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003); *Allstate Ins. Co. v. Rozenberg*, 771 F.Supp.2d 254, 260 (E.D.N.Y. 2011).  "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists.  Such a showing entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant."  *Penguin Group (USA) Inc. v. American Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010) (internal quotes and alteration omitted).  A plaintiff's own affidavits and supporting materials can suffice to make such a showing.  *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).  *See also A.I. Trade Finance, Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993)

("Where the issue [of jurisdiction] is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor").

Similarly, when a defendant raises a Rule 12(b)(5) "challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." *Preston v. New York*, 223 F.Supp.2d 452, 466 (S.D.N.Y. 2002), *aff'd*, 87 Fed.Appx. 221 (2d Cir. 2004). "[I]n considering a motion to dismiss pursuant to [Rule] 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F.Supp.2d 382, 387 (S.D.N.Y. 2002).

## II. Service of Process

Federal Rule of Civil Procedure 4(h)(1) provides, in relevant part, that a corporation must be served either:  (1) in the manner required by the law of the state in which the district court is located, Rule 4(h)(1)(A); or (2) by delivering a copy of the summons and complaint to an officer or "agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy to the defendant," Rule 4(h)(1)(B).  Pursuant to Rule 4(m), "if the plaintiff shows good cause for the failure [to serve process within 120 days of the filing of the complaint], the court shall extend the time for service for an appropriate period." *See Obot v. Citibank South Dakota, N.A.*, 347 Fed.Appx. 658, 659 (2d Cir. 2009).

In addition, even if the court declines to find good cause, it is still within the court's discretion to grant an extension of time for equitable reasons. *See Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010) ("We have interpreted [Rule 4(m) ] to give wide latitude to courts in deciding when to grant extensions on time to serve, including permitting courts to grant extensions even absent good cause."); *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) ("[C]ourts have the discretion to grant extensions of the service period even where there is no good cause shown"), *cert. denied*, 552 U.S. 1243 (2008).

In exercising that discretion, courts have considered "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced" by an extension of the plaintiff's time to serve. *Khanukayev v. City of New York*, No. 09 Civ. 6175, 2011 WL 5531496, at *3 (S.D.N.Y. Nov. 15, 2011) (quoting *Eastern Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 506 (S.D.N.Y. 1999)). *Accord Lumbermens Mut. Cas. Co. v. Dinow*, 2009 WL 2424198 at *10–*12 (E.D.N.Y. 2009).

## III. Application to this Case

As stated, defendant contends that service upon Karen Fusilli was ineffective as to Peregrine Health, because Fusilli was not an employee, or agent authorized to accept service on behalf of, Peregrine Health.  In support of that assertion, defendant has submitted a declaration of Stephen Bowman, the President of both Peregrine Health and Peregrine Walton, who states that Karen Fusilli has been employed by Peregrine Walton since March 7, 2009, at Crimson Ridge Gardens, which is not the same facility where plaintiff worked.  Dkt.#5-3 ¶ 12.  He states that Peregrine Health has never authorized Fusilli to accept service on its behalf.  *Id.* ¶ 14.

Plaintiff asserts in response that there was a reasonable basis for the process server to believe that Fusilli was authorized to accept service for Peregrine Health, and that the Court should extend her time to effect service on Peregrine Health.

I agree with plaintiff that an extension of time is warranted.  Although defendant has made a showing that Fusilli was not authorized to accept service on its behalf, the record before me indicates that there was good cause to believe otherwise.  In any event, regardless of whether good cause has been shown, in the Court's discretion, I find that an extension is justified.

If plaintiff, her counsel, or the process server was confused or mistaken about whether Fusilli was authorized to accept service on behalf of Peregrine Health, that was not entirely unreasonable,

and appears to have been at least partly attributable to circumstances beyond plaintiff's control. According to the process server, Steve Collins, on November 23, 2010, he went to 3 Treeline Drive, which was listed on defendant's website as the address of Crimson Ridge Meadows, *see* Dkt. #8 Ex. A. Upon asking for someone who was authorized to accept service on behalf of Peregrine Health, he was directed to Fusilli. He states that she identified herself as defendant's executive director, and that she told him that she was authorized to accept service on behalf of Peregrine Health. *See* Collins Aff. (Dkt. #8-3) ¶¶ 5-8. Fusilli's business card identifies her as Executive Director of Crimson Ridge Gardens, at 1 Treeline Drive, and also lists her email address, the suffix of which is "peregrine-companies.com." Dkt. #8 Ex. G.

Given what Collins was told, the proximity of the two facilities, and the similarity of the names of the facilities as well as of Peregrine Health and Peregrine Walton, I find that there was good cause for plaintiff's failure to serve Peregrine Health. Moreover, regardless of whether these circumstances did give rise to good cause under Rule 4(m), I also conclude that, in the Court's discretion, an extension of time to serve Peregrine Health should be granted, based on the relevant factors recited above.

"[C]ourts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." *Beauvoir v. United States Secret Service*, 234 F.R.D. 55, 58 (E.D.N.Y. 2006) (internal citations and quotation marks omitted). In the instant case, plaintiff's Title VII claims were required to be brought in federal court within ninety days of her receipt of the Equal Employment Opportunity Commission's right-to-sue letter, which she received on August 27, 2010. (Dkt. #1 ¶6); *see* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a). Thus, if this action were dismissed, these claims could not be reasserted in another action. Given the Second Circuit's expressed preference that cases be decided on the merits whenever consistent with the Federal Rules, *see*, *e.g.*, *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995), this factor weighs in favor of extending plaintiff's time to effect proper service.

In addition, defendant has clearly had actual notice of this suit for some time.  Defendant filed its motion to dismiss less than two months after the return of service was filed, *see* Dkt. #2, #5, so clearly the existence of this lawsuit was no belated surprise to defendant.  *See Barry v. Carestream Health, Inc. Welfare Ben. Plan*, 752 F.Supp.2d 318, 320 (W.D.N.Y. 2010) (noting defendant's "obvious actual notice of this lawsuit" as a relevant factor under Rule 4(h)).

With respect to the third factor, there is no indication that defendant has attempted to conceal the defect in service.  In fact, by filing its motion, defendant pointed out the alleged defect.  To the extent that this factor comes into play then, it weighs against granting an extension, although in light of all the circumstances here, I believe that this factor is entitled to relatively little weight.  *See Fileccia v. City of New York*, No. 10 CV 889, 2011 WL 4975313, at *4 (E.D.N.Y. Sept. 23, 2011); *Bastedo v. North Rose-Wolcott Cent. School Dist.*, No. 10-CV-6162,  2011 WL 2110812, at *2 (W.D.N.Y. May 26, 2011).

As to the final factor, defendant would obviously be "prejudiced" by the Court's granting of an extension, in the sense that it will have to defend against what would otherwise be a time-barred action.  That could be said of virtually any case involving an extension of time under Rule 4(m), however, inasmuch as all such cases involve expired service periods, if not statutes of limitations. The Second Circuit has left it to the district courts "to decide on the facts of each case how to weigh the prejudice to the defendant that arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service," *Zapata*, 502 F.3d at 198, and in light of all the circumstances here, I do not believe that the prejudice to defendant is unfair, or substantial enough to outweigh the factors weighing in favor of an extension, particularly in light of the general preference in this circuit for deciding cases on the merits rather than on the basis of procedural missteps.  *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *DeLuca v. AccessIT Group, Inc.*, 695 F.Supp.2d 54, 67 (S.D.N.Y. 2010).

**IV. Claims Arising After March 6, 2009**

Defendant contends that as of March 6, 2009, plaintiff ceased to be employed by Peregrine Health, and became an employee of Peregrine Walton, which continued to be her employer until the end of her employment in September of that year.  Defendant asserts that since plaintiff has sued only Peregrine Health, the Court has no subject matter jurisdiction over her claims arising out of events that occurred after March 6, 2009.

In response, plaintiff contends that Peregrine Health and Peregrine Walton should be considered a "single employer," so that even if plaintiff were ostensibly employed by Peregrine Walton after a certan date, Peregrine Health could nonetheless be held liable for claims arising after that date.  *See Arculeo v. On-Site Sales & Marketing, LLC*, 425 F.3d 193, 198 (2d Cir. 2005) (discussing single-employer doctrine); *Clinton's Ditch Cooperative Co. v. NLRB*, 778 F.2d 132 (2d Cir. 1985) (same).

At this point, the Court cannot decide, as a matter of law, whether Peregrine Health could be considered to have been plaintiff's employer after March 6, 2009.  Although defendants have submitted tax records indicating that plaintiff was employed by Peregrine Walton in 2009, *see* Dkt. #5-4 Exs. C, D, plaintiff has submitted a copy of her New York State W-2 form for 2009, showing Peregrine Health as her employer.  Dkt. #8 Ex. E.  While this seeming contradiction may be attributable to plaintiff's having been employed by both Peregrine Health and Peregrine Walton at different times during 2009, that simply is not clear from the record before me.

In addition, the September 11, 2009 letter informing plaintiff of her termination bears the letterhead, "Peregrine Health Management Company," and states, "This is to advise you that your employment with Peregrine Health Management Company at Crimson Ridge Meadows is terminated effective September 12, 2009 ... ."  Dkt. #8 Ex. F.  Peregrine Health's name also appears just beneath the closing and above the signature, which bore the name, "Cynthia M. Elam, Administrator for Crimson Ridge Meadows."  *Id.*  Plaintiff received another letter, on the same letterhead, on September 23, 2009, concerning a letter that plaintiff had sent regarding personal property that she

had left at Crimson Ridge Meadows.  That letter stated, *inter alia*, that "Peregrine Health Management Company at Crimson Ridge Meadows" had received plaintiff's letter.  *Id.*

Given this evidence, it is simply impossible to determine, on this record, whether plaintiff continued to be, or ceased to be employed by Peregrine Health after March 6, 2009.  A fuller factual record may enable such a determination to be made at some later time, but at this point, defendant's motion to dismiss on this ground must be denied.  *See Torres-Negron v. Merck & Company, Inc.*, 488 F.3d 34, 42 (1st Cir. 2007) (material issues of fact as to application of single-employer test precluded summary judgment for defendant); *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1241 (2d Cir. 1995) (material issues of fact precluded summary judgment as to whether a parent company could be considered employer of subsidiary's employees under Title VII); *Turppa v. County of Montmorency*, 724 F.Supp.2d 783, 790 (E.D.Mich. 2010) (denying motion for summary judgment on ground that the identity of plaintiff's employer presented a disputed issue of fact); *Pagan v. Banco Santander de Puerto RICO*, No. CIV. 09-1226, 2011 WL 570552, at *6 (D.P.R. Feb. 16, 2011) ("there is a triable issue of fact regarding whether Santander was Plaintiff's employer for purposes of Title VII").

## CONCLUSION

Defendant's motion to dismiss (Dkt. #5) is denied.

Plaintiff's motion for an extension of time to effect service of process (Dkt. #8) is granted. Plaintiff shall have twenty (20) days from the date of entry of this Decision and Order to serve defendant with the summons and complaint in this action.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 17, 2012.